IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK KEVIN STAMPS, | § | |
|     Petitioner, | § | |
| | § | 3:17-CV-129-K |
| v. | § | 3:14-CR-208-K |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION

Before the Court is Defendant Mark Kevin Stamps' ("Defendant") petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. For the following reasons, the petition is DISMISSED.

I.

Petitioner pleaded guilty to transporting and shipping child pornography in violation of 18 U.S.C. § 2252(A). On April 29, 2015, the Court sentenced him to 168 months in prison. He did not file an appeal.

On January 11, 2017, Petitioner filed the instant § 2255 petition. He argues he is entitled to a sentence reduction under Amendment 801 of the United States Sentencing Guidelines ("U.S.S.G."), and that U.S.S.G. § 2G2.2(b) is unconstitutionally vague.

II.

Petitioner seeks a reduction of his sentence under Sentencing Guideline Amendment 801, which became effective November 1, 2016. Amendment 801 amended the language in the child pornography guidelines at U.S.S.G. § 2G2.2(b)(3) to "address[] differences among the circuits involving application of the tiered distribution enhancements in § 2G2.2[.]" The circuits have reached different conclusions regarding the mental state required for application of the 2-level enhancement for "generic" distribution as compared to the 5-level enhancement for distribution not for pecuniary gain.." U.S. Sentencing Guidelines Manual, Suppl. to App. C, Amendment 801 (U.S. Sentencing Comm'n 2016).

The motion to reduce sentence under Amendment 801 is not cognizable under § 2255 and should have been filed as a motion under 18 U.S.C. § 3582(c). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1994) (internal citation omitted) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).

Moreover, even if Petitioner had properly filed his motion under 18 U.S.C. § 3582(c), the motion is without merit. The Sentencing Commission did not make

Amendment 801 retroactive to convictions occurring prior to November 1, 2016. *See* U.S.S.G. §1B1.10; *United States v. Childs*, __ Fed. Appx. __, 2018 WL 400737 (5th Cir. Jan. 12, 2018) (stating district court was not authorized to reduce defendant's sentence under Amendment 801 because the Amendment was not listed as retroactively applicable under U.S.S.G. § 1B1.10(d)). Petitioner was sentenced on April 29, 2015. Amendment 801 therefore does not apply to his conviction.

III.

Petitioner's claims under § 2255 are also time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on May 13, 2015, when the time for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1) (providing fourteen days to file an appeal in criminal cases). Petitioner then had one year, or until May 13, 2016, to file his § 2255 petition. Petitioner did not file his petition until January 2, 2017. His petition is therefore untimely under § 2255(f)(1).

Petitioner's claims are also untimely under § 2255(f)(3), which states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Petitioner relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Although Petitioner was not sentenced under the ACCA, he argues that U.S.S.G. § 2G2.2(b) is likewise unconstitutionally vague.

Petitioner's claim is foreclosed by the Supreme Court's decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017). *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the

Page 4

Due Process Clause.

*Id*. Petitioner's claims are therefore untimely under § 2255(f)(3).

Finally, Petitioner argues the petition is timely under § 2255(f)(4), which states the limitations period runs from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner argues the limitations period runs from date that Amendment 801 took effect, which he states is the date he could have discovered his claims. Petitioner's argument is without merit. Amendment 801 does not retroactively apply to his conviction, and it therefore cannot be a factual predicate for his claim. Petitioner has failed to establish that his petition is timely under § 2255(f)(4).

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).

Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

IV.

Petitioner's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 is DISMISSED.

Signed April 10th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE